**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF ARKANSAS**
**TEXARKANA DIVISION**

TYRONE HARRIS,

Plaintiff,

v.

WAYNE EASLEY, Individually and in his Official Capacity;
JEFFIE WALKER, Individually and in her Official Capacity;
BRANDON YELEY, Individually;
MASON ROBERTS, Individually;
GOLDEN ADAMS, Individually;
RICHARD HENDERSON, Individually;
SOUTHERN HEALTH PARTNERS, INC.,
STEVEN KING; and
KEVIN MCCANN,

Defendants.

Case No.: 4:25-CV-4046-SOH

***JURY TRIAL DEMANDED*

**COMPLAINT**

NOW COMES, Plaintiff, TYRONE HARRIS ("PLAINTIFF"), by and through his attorneys, and for his cause of action against Defendants, WAYNE EASLEY, JEFFIE WALKER, BRANDON YELEY, MASON ROBERTS, GOLDEN ADAMS, RICHARD HENDERSON, SOUTHERN HEALTH PARTNERS, INC., STEVEN KING and KEVIN MCCANN (collectively "DEFENDANTS"), states as follows:

**JURISDICTION AND VENUE**

1. This federal action arises under the United States Constitution, particularly under the Eighth and Fourteenth Amendments, and under law, particularly the Civil Rights Act of 1871, 42 U.S.C. § 1983 and Arkansas state law, the Arkansas Civil Rights Act, (ACRA). This Honorable Court has jurisdiction by virtue of 28 U.S.C. §§ 1331 and 1367.

2. PLAINTIFF brings this action under the Americans With Disabilities Act (ADA), 42 U.S.C. §§ 12132 and 12133 incorporating by reference the remedies, procedures and rights under the Rehabilitation Act, 29 U.S.C. §§ 794, 794a, and under Section 505 of the Rehabilitation Act, 29 U.S.C. Section 794 and 794a(a)(2) incorporating the remedies, rights and procedures set forth in section Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d, *et seq.* The claims alleged herein arise under Section 504 and Title II such that the jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331 and 1343.

3. Venue over PLAINTIFF's claims is proper in the Western District of Arkansas because Defendants reside in the Western District of Arkansas within the meaning of 28 U.S.C. § 1391, and because the events, acts, and omissions giving rise to Plaintiff's claims occurred in the Western District of Arkansas.

4. This action is re-filed, with the current pleading, pursuant to the Arkansas "savings statute," Ark. Code Ann. § 16-56-126.

## PARTIES

5. At all relevant times, PLAINTIFF was a United States citizen and was, therefore, entitled to all legal and constitutional rights afforded U.S. citizens. At all relevant times, PLAINTIFF was a resident and citizen of Hot Springs, Garland County, Arkansas, at all times relevant to this Complaint, was being held in Miller County Detention Center, which is maintained by WAYNE EASLEY ("EASLEY"), Sheriff of Miller County, Arkansas.

6. EASLEY and JEFFIE WALKER ("WALKER") are sued in their official and individual capacities for the failure to provide necessary medical care, to enforce detention center policies, to provide facilities accessible under the ADA, to ensure the safety of prisoners, and to protect the constitutional rights of prisoners, in violation of the Eighth Amendment and ACRA.

7. In December 2020, July 2021, and at all relevant times, EASLEY and/or WALKER was responsible for ensuring that all the duties of all by Miller County Sheriff Office (MCSO) deputies and employees were performed within the limitations of the U.S. Constitution, particularly the Eighth Amendment's prohibition of cruel and unusual punishment.

8. As MCSO sheriff, EASLEY was Miller County's final policymaker in creating, implementing and maintaining all policies governing the conduct and discipline of MCSO deputies and employees, including the training of MCSO deputies and employees. Alternately, WALKER was Miller County's final policymaker. At all relevant times, EASLEY and WALKER acted under the color of state law and within the scope of their employment.

9. In December 2020, July 2021, and at all relevant times, WALKER, BRANDON YELEY ("YELEY"), MASON ROBERTS ("ROBERTS"), GOLDEN ADAMS ("ADAMS") and RICHARD HENDERSON ("HENDERSON"), were each employed by EASLEY and/or Miller County, and acted under the color of state law and within the scope of their employment.

10. At all relevant times, SOUTHERN HEALTH PARTNERS, INC. ("SHP"), STEVEN KING ("KING") and KEVIN MCCANN ("MCCANN"), were under a duty to properly treat, diagnose and medicate MCSO inmates compliant with all applicable standards of care for medical professionals in their respective fields.

**FACTUAL ALLEGATIONS**

11. On or about December 31, 2020, HENDERSON discharged a weapon loaded with pepper balls against PLAINTIFF ostensibly for the purpose of forcing him to submit to having his temperature taken.

12. On or about July 2, 2021, after handcuffing PLAINTIFF without resistance, YELEY, ROBERTS and ADAMS, swept his legs out from under him, sat him on a stool, and then

struck him across the head. SHP, KING and/or MCCANN failed to provide PLAINTIFF with appropriate medical treatment afterward.

13. YELEY, ROBERTS and ADAMS dragged PLAINTIFF from the common area and threw PLAINTIFF face-down to the ground in his cell whereupon YELEY, ROBERTS and ADAMS pinned PLAINTIFF and continued to attack PLAINTIFF even though he was handcuffed throughout the incident and unable to protect himself.

14. For unreasonable periods of time, PLAINTIFF's jail cell was not cleaned, and weeks' worth of meal containers and food debris would accumulate in his cell. DEFENDANTS refused to provide PLAINTIFF with safe and sanitary conditions confinement in violation of ACRA. PLAINTIFF is a diagnosed schizophrenic with antisocial personality disorder and is prescribed antipsychotic medication to permit normal function. He is a person with a disability within the meaning of the ADA and ACRA.

15. When untreated, "…Mr Harris suffered from a mental disease, namely schizophrenia, that rendered him unable to appreciate the nature, quality, or wrongfulness of his actions." Despite this, over the course of several months, including at the time of the allegations made by PLAINTIFF herein, DEFENDANTS actually and effectively withheld antipsychotic medications from PLAINTIFF, exacerbating his schizophrenic condition and causing him unnecessary pain, suffering and mental anguish.

16. PLAINTIFF has exhausted the available administrative remedies and, thus, he has satisfied all obligations under Arkansas law.

## COUNT I
## VIOLATION OF EIGHTH AMENDMENT

17. PLAINTIFF hereby restates and realleges all preceding paragraphs as if fully set forth again in this paragraph.

18. The Eighth Amendment protects against cruel and unusual punishment, *i.e.,* the unnecessary and wanton infliction of pain. The conduct of DEFENDANTS, as described herein, was unnecessary, wanton and excessive and was, therefore, in violation of PLAINTIFF's Eighth Amendment Rights.

19. By reason of DEFENDANTS' conduct, PLAINTIFF was deprived of rights, privileges and immunities secured to her by the Eighth Amendment to the U.S. Constitution, and laws enacted thereunder.

20. DEFENDANTS' actions were unnecessary, objectively unreasonable and deliberately indifferent. Therefore, they are liable to PLAINTIFF in damages pursuant to 42 U.S.C. § 1983, including compensatory damages, costs, attorney's fees and punitive damages.

## COUNT II
## VIOLATION OF AMERICANS WITH DISABLITIES ACT AND SECTION 504 OF THE REHABILITATION ACT OF 1973

21. PLAINTIFF hereby restates and realleges all preceding paragraphs as if fully set forth again in this paragraph.

22. By virtue of the facts alleged herein, PLAINTIFF is substantially limited in his ability to think and concentrate and is a person with a disability, as that term is defined by Title II of ADA and Section 504 of the Rehabilitation Act of 1973.

23. At all relevant times, the Miller County jail was not accessible to persons with disabilities, including PLAINTIFF. The jail does not have appropriate facilities to house people like PLAINTIFF. DEFENDANTS have failed to self-evaluate Miller County jail facilities and policies, and this failure resulted was discriminatory and caused PLAINTIFF harm.

24. By virtue of the facts alleged herein, DEFENDANTS have willfully refused to provide PLAINTIFF with appropriate mental health treatment or screening, upon being detained and/or incarcerated, despite clear notice that he needed mental health treatment.

25. Accordingly, by virtue of the facts alleged herein, PLAINTIFF has been denied program access, as that term is defined by Title II of ADA, as well as Section 504 of the Rehabilitation Act of 1973.

26. As a direct and proximate cause of DEFENDANTS' acts and omissions as alleged herein, Plaintiff has suffered severe mental and emotional distress and will continue to experience same in the future.

**COUNT III**
**VIOLATION OF ARKANSAS CIVIL RIGHTS ACT**

27. PLAINTIFF hereby restates and realleges all preceding paragraphs as if fully set forth again in this paragraph.

28. Upon information and belief, EASLEY has failed to train its police officers on the appropriate use of force; and has allowed and enforced an informal custom of excessive force to exist within the department, such that the EASLEY's officers and jailers have subjected MSCO inmates and pretrial detainees to unconstitutional, excessive force.

29. By virtue of the facts alleged herein, PLAINTIFF had a clearly established right to be free from excessive force. Nonetheless, HENDERSON, YELEY, ROBERTS, and ADAMS used more force than was reasonably necessary to effectuate the restraint of PLAINTIFF in violation of ACRA.

30. As a result of HENDERSON, YELEY, ROBERTS and ADAMS' use of force, PLAINTIFF suffered severe mental, emotional and physical distress, and he will continue to experience same in the future.

31. HENDERSON, YELEY, ROBERTS and ADAMS' actions have been so egregious so as to warrant the imposition of punitive damages and in their individual capacities, under ACRA.

**COUNT IV**
**VIOLATION OF ARKANSAS MEDICAL MALPRACTICE ACT**

32. By virtue of the facts alleged herein, SHP, KING and MCCANN are healthcare providers within the meaning of the Arkansas Medical Malpractice Act ("AMMA").

33. The Miller County Jail was not an appropriate placement for PLAINTIFF. Had SHP, KING and MCCANN complied with the applicable standards of care and referred PLAINTIFF for appropriate placement, PLAINTIFF would not have been subjected to excessive force, cruel and unusual punishment and/or unconstitutional conditions of confinement.

34. The standard of care applicable to healthcare providers like SHP, KING and MCCANN in 2021 was to properly assess persons with disabilities—persons like PLAINTIFF—to the appropriate mental health specialist and placement.

35. SHP, KING and MCCANN breached this standard of care by failing to appropriately assess and evaluate PLAINTIFF and to by failing to promptly refer PLAINTIFF to an appropriate healthcare provider and/or facility.

36. As a direct and proximate cause of the breach of this duty, PLAINTIFF's care was delayed, and he experienced unnecessary pain and suffering, as well as cruel and unusual punishment.

37. Moreover, PLAINTIFF incurred, and will incur, unnecessary medical bills. PLAINTIFF has endured severe mental and emotional distress, and PLAINTIFF may have cognitive deficits in the future due to the delay in treatment.

38. As a direct and proximate cause of SHP, KING and MCCANN's acts and omissions as alleged herein, PLAINTIFF has experienced unnecessary pain, severe mental and emotional distress, has incurred past and future medical bills, and incurred other damages in an amount to be proven at trial.

WHEREFORE, Plaintiff, TYRONE HARRIS, by and through his attorneys, requests judgment against DEFENDANTS, and each of them, including:

1. That DEFENDANTS be required to pay PLAINTIFF's compensatory damages;

2. That DEFENDANTS be required to pay actual damages;

3. That the individual defendants be required to pay punitive damages;

4. That DEFENDANTS be required to pay attorney fees per 42 U.S.C. § 1988; and

5. That PLAINTIFF receive any other such relief as this Honorable Court deems just and proper.

Respectfully submitted,

Michael J. Laux
Michael J. Laux
E. Dist. Arkansas Bar No. 6278834
One of the Attorneys for PLAINTIFF
LAUX LAW GROUP
400 W. Capitol Avenue, Suite 1700
Little Rock, AR 72201
Telephone: (501) 242-0750
Facsimile: (501) 372-3482
E-mail: mlaux@lauxlawgroup.com
mikelaux@icloud.com