IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

TYRONE HARRIS PLAINTIFF

v. Case No. 4:25-cv-4046

WAYNE EASLEY; JEFFIE WALKER;
BRANDON YELEY; MASON ROBERTS;
GOLDEN ADAMS; RICHARD HENDERSON;
SOUTHERN HEALTH PARTNERS, INC.;
STEVEN KING; and KEVIN MCCANN DEFENDANTS

**ORDER**

Before the Court is Separate Defendant Jeffie Walker's ("Walker") Motion to Dismiss. ECF No. 18. Plaintiff has responded. ECF No. 23. Defendant Walker has replied. ECF No. 27. The Court finds the matter ripe for consideration.

Plaintiff initiated this action on June 6, 2025, bringing claims pursuant to 42 U.S.C. § 1983, the Arkansas Civil Rights Act ("ACRA"), the Arkansas Medical Malpractice Act ("AMMA"), and Title II of the Americans with Disabilities Act ("ADA") and § 504 of the Rehabilitation Act of 1973. ECF No. 3. From the totality of the complaint it is unclear if every claim is brought against Defendant Walker, but the Court will proceed as if that is so. The factual allegations center on incidents occurring on December 31, 2020, and July 2, 2021, in the Miller County Detention Center. *Id.* at p. 3-4. Plaintiff filed a separate and earlier action ("Prior Action") on March 24, 2023, which was based on the same factual allegations as the instant action but did not name Defendant Walker.[1] Plaintiff eventually moved to voluntarily dismiss the Prior Action without prejudice and the Court granted that request.[2]

In the instant motion, Separate Defendant Walker moves to dismiss the claims against him on the basis that they are all time-barred. ECF No. 19. Defendant Walker argues that the relevant statute

[1] *See Harris v. Easley, et al.*, Case No. 4:23-cv-4086, ECF No. 2. The action was initiated in the Miller County, Arkansas Circuit Court before being removed to this Court. ECF Nos. 2 & 3.
[2] *See Harris v. Easley, et al.*, Case No. 4:23-cv-4086, ECF Nos. 16 & 17.

of limitations for each claim has elapsed and that Arkansas' "savings statute" does not apply because Plaintiff did not name Defendant Walker in the Prior Action. In response, Plaintiff argues that this action properly "relates back" to the Prior Action, making the amendment adding Defendant Walker acceptable under Federal Rule of Civil Procedure 15(c) and rendering this action timely. ECF No. 23, p. 3-4. In reply, Defendant Walker contends that Rule 15(c) does not apply to new actions and that the requirements of Rule 15(c) are absent anyway. ECF No. 27.

Defendant Walker does not state the avenue by which he brings the instant motion to dismiss. The Court interprets the motion as one pursuant to Rule 12(b)(6), which allows a party to attack a pleading for "failure to state a claim upon which relief can be granted[.]" Fed. R. Civ. P. 12(b)(6). "[T]he possible existence of a statute of limitations defense is not ordinarily a ground for Rule 12(b)(6) dismissal unless the complaint itself establishes the defense." *Joyce v. Armstrong Teasdale, LLP*, 635 F.3d 364, 367 (8th Cir. 2011) (quotation omitted).

The Court finds that the allegations in the complaint establishes that all claims against Defendant Walker are time-barred. First, Rule 15(c) only applies to amendments to "pleadings." Fed. R. Civ. P. 15(c)(1). The operative complaint in this action is not an amended pleading; Plaintiff filed an entirely new action and Rule 15(c) is irrelevant. Next, though Arkansas Code § 16-56-126 permits an initially timely action to be refiled within one year after non-suit, this "savings statute" does not apply to a cause of action against a defendant that was not named in an initially timely action. *See Hicks v. Clark*, 870 S.W.2d 750, 751-52 (Ark. 1994) (noting that an action not properly commenced against a defendant in the initial time period is not protected by the one-year extension under the savings statute); *and see Baker v. Chisom*, 501 F.3d 920, 923-24 (8th Cir. 2007) (finding that Arkansas' savings statute did not apply to extend the statute of limitations for a claim when that claim was not brought against the relevant defendant in the initial suit). Thus, the relevant statute of limitations for each claim against Defendant Walker must be assessed according to the date the instant action was commenced and not by the date the Prior Action was commenced.

Claims pursuant to 42 U.S.C. § 1983 must be brought within the period allowed for personal injury actions in the forum state, which is three years in Arkansas. *See Schibline v. Zimmerman*, 2023 7549397, at *2 (W.D. Ark. Oct. 18, 2023) (citing *Miller v. Norris*, 247 F.3d 736, 739 (8th Cir. 2001) (citing Ark. Code Ann. § 16-56-105(3))). Claims pursuant to the ACRA have a three-year statute of limitations. *See Hutcherson v. Rutledge*, 2017 Ark. 359, at 4-5, 533 S.W.3d 77, 80.[3] Claims pursuant to Title II of the ADA and § 504 of the Rehabilitation Act are also linked to the forum state's personal injury statute of limitations, which, as noted above, means that they also have a three-year statute of limitations. *See Gaona v. Town & Country Credit*, 324 F.3d 1050, 1054-55 (8th Cir. 2003). Lastly, claims pursuant to the AMMA have a two-year statute of limitations. *Baylark v. Helena Reg'l Med. Ctr.*, 2012 Ark. 405, at 1. All the alleged conduct underlying Plaintiff's claims occurred on July 2, 2021, or earlier, which is more than three years prior to the June 6, 2025, commencement of the instant action. Consequently, any claim in the complaint that could be viewed as brought against Defendant Walker is barred by the applicable statute of limitations and must be dismissed.

For the reasons stated above, Separate Defendant Walker's Motion to Dismiss (ECF No. 18) is **GRANTED**. Plaintiff's claims against Separate Defendant Walker are **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED**, this 12th day of February, 2026.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge

[3] An employment discrimination claim under the ACRA, which Plaintiff has not brought, has stricter timeliness requirements. *See Mose v. Nw. Ark. Rehab. Assoc.*, 2024 WL 4202724, at *2 (W.D. Ark. Sept. 15, 2024).